**IN UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.: 3:14-CR-00089-JJH-3** |
| | ) | |
| | ) | |
| | ) | **JUDGE: JEFFREY J. HELMICK** |
| **vs.** | ) | |
| | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| **LONNY REMMERS** | ) | |

Now comes Defendant, Lonny Remmers, by and through his undersigned counsel, who hereby submits this Sentencing Memorandum setting forth factors for the Court's consideration in determining an appropriate sentence that is sufficient but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. 3553(a).

The overriding purposes of sentencing are "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. 3552 (a)(2).

The purposes of 18 U.S.C 3552 will be served by imposing a sentence based on the plea agreement. While the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," the Guidelines are only one of the factors to be considered when imposing a sentence. *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 169 L.Ed. 2d 445 (2007).

This Honorable Court should consider the imposition of the minimum sentence necessary to achieve goals of sentencing anticipated by application of § 3553(a) of the Federal Sentencing Guidelines Manual. "The sentencing court does not enjoy the benefit of a legal presumption that the

Guidelines sentence should apply." *Rita v. United States* 551 U.S. 338, 351, 127, S.Ct. 2456, 168 L.Ed.2d 203 (2007) (citing *Booker v. United States* 543, U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.) The district court is "free to make its own reasonable application of the § 3552(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (Scalia, J. concurring)

Defendant has a number of mitigating factors that should be taken into account when determining an appropriate sentence: (1) Defendant's involvement in the lengthy timeline of alleged criminal activity was relatively minor and short-lived; (2) Defendant does not have a significant criminal history; (3) during the pendency of this matter Defendant has been cooperative with the government; and (4) Defendant has taken full responsibility for his actions.

Defendant is one of six men charged with the instant criminal conduct, which spanned over a decade in time overall. He was not involved with the commencement of the conspiracies or planning, nor was he the leading cause of the aggregate injuries resulting from the criminal activity. He played a relatively limited role during a period of approximately seven months, and ceased his participation years before an indictment was issued in this matter. Without diminishing the seriousness of his offense, it is noteworthy that his part in the overall criminal scheme is relatively brief and minimal.

It is important to note that while Defendant does have prior convictions they are either low level or in the distant past, with the exception of a 2014 convictions for Inflicting Corporal Punishment and Injury and Assault with Deadly Weapon, out of a California Superior Court. The alleged conduct occurred after the activity charged in the instant case, and although he was convicted and sentenced on that case prior to his indictment in the instant matter, it should not be considered as prior criminal history and therefore no points should be assessed.

During the pendency of this matter Defendant has been cooperative with the government. It is anticipated that the government will move this Honorable Court for two (2) points at the time of sentencing, Defendant would join in and not object. Defendant maintains his objection to the Presentence Investigation Report that recommends, at paragraph 85, that Defendant's offense level be adjusted upward by two (2) points pursuant to USSG §2B1.1(b)(9)(C). The report bases its recommendation, at paragraph 105, for the two level increase under this section based upon a prior conviction stemming from a conviction in 1998 in Case Number SA 98-0004. In that specific case Defendant had been enjoined from engaging in specific activities without taking certain steps. In that matter Defendant was sentenced and held accountable for his actions. USSG §2B1.1(b)(9)(c) is not applicable to the specific facts of this matter.

Finally, Defendant has taken full responsibility for his actions. He has knowingly and voluntarily given up his rights to a trial in this matter and accepted full responsibility for his role in the criminal activity alleged by the government. Defendant affirms full awareness and complete remorse for the harm he has caused, and wishes to be sentenced fairly and appropriately for his actions.

WHEREFORE, for the reasons set forth herein, and after hearing from the Defendant at the time of sentencing, Defendant prays this Honorable Court consider a just punishment and impose a sentence not greater than necessary to punish him for his criminal behavior.

Respectfully submitted,

**PATITUCE & ASSOCIATES, L.L.C.**

/s/ Joseph C. Patituce__________
Joseph C. Patituce (#0081384)
26777 Lorain Road, Suite 708
North Olmsted, Ohio 44070
(440) 471-7784 (Phone)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Sentencing Memorandum has been forwarded to all parties via the clerk's office electronic filing on the 27th day of March, 2017.

/s/ Joseph C. Patituce__________
Joseph C. Patituce (#0081384)